48 F.3d 1222
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Vernon D. THOMAS, Plaintiff-Appellant,
v.
Richard CLARK, et al., Defendants-Appellees.
 No. 94-1300.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 24, 1995.
Decided March 9, 1995.*
 
 Before POSNER, Chief Judge, and FAIRCHILD and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Vernon D. Thomas is an inmate at the Maximum Control Complex at Westville Correctional Center in Westville, Indiana. On May 19, 1991, Thomas was allegedly attacked by two inmates, stabbed fifteen times in his abdomen and back, and required hospitalization. One of the attackers, Thomas claims, was an "unauthorized inmate" improperly allowed to participate in Thomas' recreation group. The other offender was properly in Thomas' recreation group. Thomas claims the defendants[1] violated prison operating policy by allowing "unauthorized" inmates to join his group for recreation. Thomas contends that their conduct violated his constitutional rights, and seeks an award of damages pursuant to 42 U.S.C. Sec. 1983. The district court dismissed Thomas' pro se complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief could be granted. Thomas appeals the dismissal of his complaint. We affirm.
 
 
 2
 Our inquiry focuses on whether the district court properly dismissed Thomas' complaint. Complaints drafted by pro se litigants, however inartfully pleaded, are held to less stringent standards than formal pleadings drafted by lawyers. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Swofford v. Mandrell, 969 F.2d 547, 549 (7th Cir.1992). Accordingly, courts must construe pro se complaints liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); Del Raine v. Williford, 32 F.3d 1024, 1050 (7th Cir.1994). When reviewing an appeal from a dismissal of a claim under Federal Rule of Civil Procedure 12(b)(6), we must accept as true all the plaintiff's well-pleaded factual allegations and the inferences reasonably drawn from them. Nelson v. Monroe Regional Medical Center, 925 F.2d 1555, 1558 (7th Cir.), cert. denied, 112 S.Ct. 285 (1991). We shall affirm the dismissal only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Applying the standard of review for a 12(b)(6) dismissal and the leniency afforded pro se pleadings, we conclude that Thomas has failed to allege sufficient facts to state a claim upon which relief could be granted.
 
 
 3
 A cause of action under 42 U.S.C. Sec. 1983 has two elements: (1) that the defendants acted under color of state law; and, (2) that their actions deprived the plaintiff of a constitutional right. Parratt v. Taylor, 451 U.S. 527 (1981). Further, to allege an Eighth Amendment claim, Thomas must show that prison officials acted with deliberate indifference to his safety. Farmer v. Brennan, 114 S.Ct. 1970 (1994); Estelle v. Gamble, 429 U.S. 97 (1976). A prison official may be found liable for deliberate indifference only if he "knows of and disregards an excessive risk to inmate health or safety." Farmer, 114 S.Ct. at 1979. Negligence and even gross negligence is not actionable under the Eighth Amendment. King v. Fairman, 997 F.2d 259, 261 (7th Cir.1993).
 
 
 4
 The allegations of Thomas' complaint are sufficient to allege that defendants were acting under color of state law as correctional officers at the time of the assault. The complaint fails, however, to allege a violation of the Eighth Amendment prohibition against cruel and unusual punishment. While Thomas' complaint does allege that defendants "... knowingly allowed and released an unauthorized inmate in plaintiff's recreation group ...," this allegation does not rise to the level of deliberate indifference as described in Farmer. Rather, Thomas' complaint merely alleges that the defendants knew they were releasing an "unauthorized inmate" into Thomas' recreation group. There is no allegation that the defendants knew the "unauthorized inmate" created an excessive risk to Thomas. Indeed, Thomas' initial complaint was dismissed without prejudice to his filing an amended complaint. That dismissal order specifically informed Thomas that he needed to allege deliberate indifference on the part of the defendants. Thomas again failed to allege anything more than negligence despite the opportunity to amend his complaint.
 
 
 5
 Because nothing in Thomas' complaint can be reasonably read to allege that the behavior of the defendants amounts to deliberate indifference, the judgment of the district court granting defendants' motion to dismiss is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Appellant has filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [1]
 Thomas named a number of defendants, including the Superintendent of the Westville Correctional Center and every officer on duty in that area of the institution on the day of the incident